IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ANTHONY CANTY #16776424,          )
                                  )
                Plaintiff,        )
                                  )
     v.                           )    No.   08 C 2896
                                  )
FEDERAL OFFICER THOMAS, et al.,   )
                                  )
                Defendants.       )

MEMORANDUM ORDER

Anthony Canty ("Canty") has tendered only the original of
what he labels as his "Complaint under the Constitution ('Bivens'
Action), Title 28 Section 1331 U.S. Code,"[1] targeting no fewer
than 13 defendants with a claim based on the loss of his personal
property in the course of his transfer from state custody in
federal custody at the Chicago Metropolitan Correctional Center
("MCC," where he is now housed).  In part Canty asks that the
costs of preparing the numerous required copies of his lawsuit
papers be borne by this District Court, subject to recoupment out
of his trust fund account at the MCC (which has a grand balance
of just $0.95 as of April 10, 2008).  Under the circumstances
explained hereafter, that latter request (which would go beyond
the provisions of provision of 28 U.S.C. §1915 dealing with in
forma pauperis status) is moot.

---

[1]  That is the way Canty has marked up the form Complaint
made available by this District Court's Clerk's Office to pro se
litigants in custody, even though a number of the 13 defendants
Canty has named are state actors suable (if at all) under 42
U.S.C. §1983 ("Section 1983").

Complaint ¶IV sets out a narrative that begins in July 2004, when Canty's personal property was mailed from the Cook County Jail to the MCC (even though a personal pickup by some member of Canty's family had previously been approved, Complaint ¶IV says that "was not able to be accomplished because of the schedule of family members and the schedule alloted [sic] to for pickup times by the property dept. of the cook county dept. of corrections." But the last event listed in the Complaint ¶IV saga occurred on June 20, 2005, when Cook County Officer Coates of the Division 5 property room at the County Jail sent a letter reconfirming the prior year's mailing of the property by certified mail directed to the MCC.

Illinois-based claims of constitutional deprivations, brought either under Section 1983 or under its federal counterpart--a <u>Bivens</u> action--are subject to the same two-year statute of limitations. Here Canty's claim appears to have ripened not long after he learned that his property was not in the custody of the MCC (that would have been in August 2004), but in all events the two-year limitations clock had surely started to tick not later than the June 2005 date of Officer Coates' confirmatory letter.

That being true, this case is barred by limitations, and the Complaint and this action are dismissed with prejudice. That in turn calls for denial of Canty's request for copies as moot.

2

Finally, given Canty's failure to have provided the printout of his trust fund account required by 28 U.S.C. §1915(b)(1), this Court will not jump through the hoop of obtaining such a printout and making the statutory calculation of Canty's obligation to pay the $350 filing fee in future installments.[2]

Milton I. Shadur
Senior United States District Judge

Date:   May 21, 2008

---

[2] At a minimum, Canty should be grateful for having dodged that bullet.

3