```
                  IN THE UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF ILLINOIS
                            EASTERN DIVISION

ANTHONY CANTY #16776424,           )
                                   )
                 Plaintiff,        )
                                   )
    v.                             )    No.  08 C 2896
                                   )
FEDERAL OFFICER THOMAS, et al.,    )
                                   )
                 Defendants.       )
```

<u>MEMORANDUM ORDER</u>

On May 28, 2008 this Court entered the attached memorandum order ("Order") that in part dismissed with prejudice the pro se Complaint and this action filed by Anthony Canty ("Canty") because it was barred by limitations. Now, continuing his rule-violative practice of providing an insufficient number of copies of his filings (see the first paragraph of the Order), Canty has tendered the original of a handwritten "Motion for Reconsideration" as well as of an accompanying letter.

It is frankly hard to decipher just what Canty is now saying--something that's less a function of his handwriting than a matter of trying to understand his assertions. But at a couple of places he refers to a "tort claim," even though nothing in his past or current submissions indicates that he has pursued the path marked out by the Federal Tort Claims Act. In addition he speaks of other matters that he claims tolled the ticking of the limitations clock, although his "explanation" on that subject does not make that at all clear.

At least for the present, then, Canty's motion for reconsideration is denied.  If he were to submit a renewed motion containing further information as to precisely what actions he has taken and the results of those actions (also providing information as to the timing involved), this Court might be prepared to take a further look.  But in that respect Canty must recognize that the timing of his present and any future motions has brought his claim for any relief within the scope of Fed. R. Civ. P. 60(b), so that any further submissions that Canty may choose to provide will have to be measured against the yardstick provided by that Rule.

_____
Milton I. Shadur
Senior United States District Judge

Date:   June 27, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTHONY CANTY #16776424, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    No.  08 C 2896 |
| | ) |
| FEDERAL OFFICER THOMAS, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Anthony Canty ("Canty") has tendered only the original of what he labels as his "Complaint under the Constitution ('Bivens' Action), Title 28 Section 1331 U.S. Code,"[1] targeting no fewer than 13 defendants with a claim based on the loss of his personal property in the course of his transfer from state custody in federal custody at the Chicago Metropolitan Correctional Center ("MCC," where he is now housed). In part Canty asks that the costs of preparing the numerous required copies of his lawsuit papers be borne by this District Court, subject to recoupment out of his trust fund account at the MCC (which has a grand balance of just $0.95 as of April 10, 2008). Under the circumstances explained hereafter, that latter request (which would go beyond the provisions of provision of 28 U.S.C. §1915 dealing with in

---

[1] That is the way Canty has marked up the form Complaint made available by this District Court's Clerk's Office to pro se litigants in custody, even though a number of the 13 defendants Canty has named are state actors suable (if at all) under 42 U.S.C. §1983 ("Section 1983").

3

forma pauperis status) is moot.

Complaint ¶IV sets out a narrative that begins in July 2004, when Canty's personal property was mailed from the Cook County Jail to the MCC (even though a personal pickup by some member of Canty's family had previously been approved, Complaint ¶IV says that "was not able to be accomplished because of the schedule of family members and the schedule alloted [sic] to for pickup times by the property dept. of the cook county dept. of corrections." But the last event listed in the Complaint ¶IV saga occurred on June 20, 2005, when Cook County Officer Coates of the Division 5 property room at the County Jail sent a letter reconfirming the prior year's mailing of the property by certified mail directed to the MCC.

Illinois-based claims of constitutional deprivations, brought either under Section 1983 or under its federal counterpart--a <u>Bivens</u> action--are subject to the same two-year statute of limitations. Here Canty's claim appears to have ripened not long after he learned that his property was not in the custody of the MCC (that would have been in August 2004), but in all events the two-year limitations clock had surely started to tick not later than the June 2005 date of Officer Coates' confirmatory letter.

That being true, this case is barred by limitations, and the Complaint and this action are dismissed with prejudice. That in

turn calls for denial of Canty's request for copies as moot. Finally, given Canty's failure to have provided the printout of his trust fund account required by 28 U.S.C. §1915(b)(1), this Court will not jump through the hoop of obtaining such a printout and making the statutory calculation of Canty's obligation to pay the $350 filing fee in future installments.[2]

                           _____
                           Milton I. Shadur
                           Senior United States District Judge

Date:  May 21, 2008

---

[2] At a minimum, Canty should be grateful for having dodged that bullet.